# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0531, <u>State of New Hampshire v. Mark Lemay</u>, the court on March 19, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve this case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The defendant, Mark Lemay, appeals the denial of his motion for a new trial by the Superior Court (<u>Delker</u>, J.). We affirm.

The defendant was charged with fourteen crimes against the victim, his intimate partner, arising out of two episodes. The first occurred in Fremont on September 25-26, 2016, and resulted in four charges of aggravated felonious sexual assault (AFSA) and two charges of domestic violence simple assault. The second occurred in Salem on October 18, 2016, and resulted in two charges of AFSA, one charge of second degree assault, three charges of domestic violence simple assault, one charge of criminal threatening, and one charge of obstructing the report of a crime. The defendant moved to join all charges in one trial. The defendant was acquitted on the Salem charges of domestic violence simple assault and obstructing the report of a crime, but was convicted on all other charges.

Thereafter, the defendant filed a motion for a new trial alleging, <u>inter alia</u>, that trial counsel had provided ineffective assistance by choosing to join the Fremont and Salem charges for trial. Following a hearing, the trial court denied the motion with respect to that allegation. This appeal followed.

The defendant's claim of ineffective assistance of counsel rests upon both the State and Federal Constitutions. <u>See</u> N.H. CONST. pt. I, art. 15; U.S. CONST. amends. VI, XIV. The standard for determining whether a defendant has received ineffective assistance of counsel is the same under both the State and Federal Constitutions. <u>See</u> <u>State v. Kepple</u>, 155 N.H. 267, 269 (2007); <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Both constitutions guarantee a criminal defendant reasonably competent assistance of counsel. <u>See</u> <u>State v. Cable</u>, 168 N.H. 673, 680 (2016). To prevail upon a claim of ineffective assistance of counsel, the defendant must demonstrate first that counsel's representation was constitutionally deficient, and second, that counsel's deficient performance actually prejudiced the outcome of the trial. <u>Id</u>.

To meet the first prong of this test, the defendant must show that counsel's representation fell below an objective standard of reasonableness. We judge the reasonableness of counsel's conduct based upon the facts and circumstances of that particular case, viewed from the time of that conduct. As we have explained, judicial scrutiny of counsel's performance must be highly deferential; a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the inherent difficulties in making this evaluation, there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Because the proper measure of attorney performance remains simply reasonableness under prevailing professional norms, to establish that his trial attorney's performance fell below this objective standard of reasonableness, the defendant must show that no competent lawyer would have engaged in the conduct of which he accuses his trial counsel.

To meet the second prong, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. A reasonable probability is a probability sufficient to undermine confidence in the trial's outcome. The prejudice analysis considers the totality of the evidence presented at trial. Both the performance and prejudice prongs of the ineffectiveness inquiry are mixed questions of law and fact. Therefore, we will not disturb the trial court's factual findings unless they are not supported by the evidence or are erroneous as a matter of law, and we review the ultimate determination of whether each prong is met de novo. A failure to establish either prong requires a finding that counsel's performance was not constitutionally defective.

State v. Newton, 175 N.H. 279, 285 (2022) (citations omitted).

Here, we need not repeat the facts, as they are set forth in the well-reasoned order of the trial court. As the trial court found, by joining the matters for trial, the defendant was able to use exculpatory evidence from both events, with the hope that the combined impact of that evidence "would have a cumulative effect of impeaching [the victim's] credibility that would not have been available if each case was tried separately." The defendant argues that the decision to join the charges allowed the State to introduce prejudicial evidence that outweighed the benefits that flowed from joinder. Keeping in mind that scrutiny of counsel's performance is highly deferential, however, we agree with the trial court that, "[g]iven that [the victim's] credibility was a central issue at trial, this was a viable strategic decision."

The defendant having failed to establish the first prong of the test for ineffective assistance, we need not address the second prong.  See id.

Affirmed.

MACDONALD, C.J., and BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**